NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANTHONY JOSEPH JENKINS, *Appellant*.

No. 1 CA-CR 21-0202
FILED 3-24-2022

Appeal from the Superior Court in Mohave County
No. S8015CR201801302
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1　　　　This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Appellant Anthony Joseph Jenkins was convicted of one count of third-degree burglary, a class four felony. Counsel for Jenkins has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Jenkins has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so. After reviewing the record, we affirm Jenkins' conviction and sentence.

**FACTUAL AND PROCEDURAL HISTORY**

¶2　　　　We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Jenkins. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3　　　　In February 2018, police received a report about a burglary at a recreational vehicle ("RV") park in Bullhead City. They investigated and found that the park's office had been broken into. A safe, television, tools, cash, checks, and documents were missing. A surveillance video showed Jenkins and an accomplice near the office at around four a.m. on the day of the burglary. Some of the stolen items were later found in a hotel room that had been registered in Jenkins' name.

¶4　　　　The State charged Jenkins with one count of third-degree burglary, a class four felony. At trial, Jenkins moved for an Arizona Rule of Criminal Procedure ("Rule") 20 judgment of acquittal at the close of the State's evidence, which the superior court denied. Jenkins testified on his own behalf. He acknowledged being present at the RV park, but maintained the accomplice committed the burglary.

¶5　　　　A jury convicted Jenkins as charged and found as an aggravating circumstance the presence of an accomplice. The jury found that an allegation that he committed the offense as consideration or in the expectation of pecuniary gain had not been proven. The superior court

found that Jenkins was a non-dangerous category three repetitive offender and sentenced him to the presumptive sentence of ten years in prison. The court gave Jenkins credit for 100 days of presentence incarceration.

**¶6** Jenkins timely appealed, and we have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7** We review Jenkins' conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Jenkins has advised this court that after a diligent search of the record counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, and find none. *See Leon*, 104 Ariz. at 300. All of the proceedings were conducted in compliance with the Rules. So far as the record reveals, counsel represented Jenkins at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We affirm Jenkins' conviction and sentence.

**¶8** Upon the filing of this decision, defense counsel shall inform Jenkins of the status of the appeal and his future options. Counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Jenkins will have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶9** For the foregoing reasons, we affirm Jenkins' conviction and sentence.

